UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 1409 RWS |
| ) | |
| LAWRENCE SMITH, ) | |
| d/b/a Cookie's Bar & Grill, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This case is before me on plaintiff's motion for default judgment in the amount of $40,000.00. Plaintiff owned the nationwide television distribution rights to broadcast a boxing match which took place on May 3, 2014. Plaintiff sells the right to publically exhibit this broadcast to various public establishments, such as restaurants and bars. In this lawsuit, plaintiff alleges that defendant illegally intercepted the broadcast and showed it to patrons at Cookie's Bar & Grill. While plaintiff has sued defendants under two alternative federal statutes, it only seeks default judgment under 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications. In the context of the present lawsuit, this statue prohibits the unauthorized interception of video programming from a satellite that is primarily intended for direct receipt only by authorized users. It provides for statutory damages of not less than $1,000 but not more than

$10,000. *Id.* at § 605(e)(3)(C)(i)(II). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $100,000. *Id.* at § 605(e)(3)(C)(ii). Attorney's fees and costs may also be recovered under this statute. *Id.* at § 605(e)(3)(B)(iii).

Defendant was served on June 1, 2017, and his responsive pleading was due on June 22, 2017. On June 30, 2017, the Clerk of the Court entered a default against defendant because he failed to file an answer or other responsive pleading. Plaintiff prays for statutory damages in the amount of $40,000.00, plus attorney's fees and costs. After careful consideration, I will grant plaintiff a default judgment under §605. Damages awarded under §605 have varied tremendously in this district. *See Joe Hand Promotions, Inc. v. Thompson*, No. 4:11CV1740 CAS, 2013 WL 466278, at *3 (E.D. Mo. Feb. 7, 2013) (collecting cases of awards between $3,000 and $150,000). In fashioning a statutory award in the *Thompson* case, the Honorable Charles A. Shaw considered, among other things, the amount of the financial gain by the defendant, whether the defendant is alleged to be a repeat violator, and the need to deter future violations. *Id.*

Based on the affidavit provided by plaintiff, I will exercise my discretion to award statutory damages in the amount of $10,000.00 under §605 (e)(3)(C)(i)(II) and $5,000.00 in enhanced statutory damages under §605 (e)(3)(B)(ii) for default judgment in the amount of $15,000.00. Plaintiff should submit its request for

attorney's fees and costs in accordance with the Court's local rules.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [13] is granted in part only to the extent set out above and is denied in all other respects.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                             _/s/ Rodney W. Sippel_
                                             RODNEY W. SIPPEL
                                             UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2017.